```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Jerry E. Logan,                  :

        Plaintiff,    :    Case No.  2:16-cv-35

   v.                            :

Hany A. Emam, et al.,            :    CHIEF JUDGE EDMUND A. SARGUS, JR.
                                       Magistrate Judge Kemp
                                :

        Defendants.

## REPORT AND RECOMMENDATION
## AND ORDER

This is a prisoner civil rights case involving a claim for Eighth Amendment violations. This matter is now before the Court on a number of motions filed by plaintiff Jerry E. Logan: Motion for Preliminary Pretrial Scheduling Order (Doc. 19); Motion for Leave to Supplement (Doc. 21); Motion to Correct the Records (Doc. 23); Motion for Summary Judgment (Doc. 24); Motion for Release of Radiology Reports (Doc. 28); and Motion for Default Judgment (Doc. 30).  The Court will divide them into non-dispositive motions and dispositive motions, and, with one exception, will either deny or recommend denial of all of them.

### I.  Non-dispositive Motions

#### A.  Motion for Preliminary Pretrial Scheduling Order

Mr. Logan has moved for a scheduling order pursuant to Fed.R.Civ.P. 16(b). Because the Court issued a Scheduling Order on August 31, 2016, this motion will be denied as moot.

#### B.  Motion for Leave to Supplement Exhibit

Mr. Logan has moved to supplement the record with a letter from the Ohio State Dental Board ("OSDB") relating to his complaint against Dr. Claire Towning, one of the defendants in this case.  It appears he wishes to add it as a supplement to the complaint.  Defendants have not opposed the motion.  Therefore,

it will be granted.

### C. <u>Motion to Correct the Records</u>

Without providing specific examples or details, Mr. Logan has moved to challenge the accuracy of some of the medical records that have been produced in relation to his case, and states that he was "under duress" when required to sign certain unidentified documents. The defendants oppose the motion based on lack of clarity. Mr. Logan's reply is also quite vague, and appears to refer to certain contents of the medical records which he disputes. Essentially, it appears that Mr. Logan's motion seeks the Court to resolve factual issues about these documents. That is a potential issue for trial and is therefore not appropriate at this point in the case. Mr. Logan will have the opportunity in the course of the litigation to provide evidence and advance his arguments with respect to any factual disputes. For this reason, the motion will be denied.

### D. <u>Motion for Release of Radiology Reports</u>

Mr. Logan has also moved for "authorization for the release of radiology reports" from an x-ray taken on January 30, 2017 at Chillicothe Correctional Institution. To the extent that he seeks the document through discovery, as provided under Fed.R.Civ.P. 34, Mr. Logan must serve a written request on the Defendants asking for the document. If it is not produced, Mr. Logan may file a motion asking the Court to become involved, but it does not appear that the matter has progressed to that point. Because his motion is premature and not supported by any evidence that he has asked Defendants for the x-ray and that they have refused to produce it, this motion will be denied.

## II. <u>Dispositive Motions</u>

### A. <u>Motion for Summary Judgment</u>

Mr. Logan has moved for summary judgment, asserting in a six-line typed statement that the facts are not in dispute and

reasonable minds can come to only one conclusion, which is to find in his favor. Defendants have opposed the motion. This motion fails to meet the requirements for a motion for summary judgment because it is not supported by any evidentiary materials as required by Fed.R.Civ.P. 56(c). There are currently no facts in the record from which the Court could conclude that any party is entitled to judgment as a matter of law. The motion for summary judgment will therefore be denied.

### B. Motion for Default Judgment

Mr. Logan has moved for default judgment because, according to his motion, the defendants did not respond to his motion to correct the record. As mentioned above, Defendants did respond to that motion. Moreover the failure to respond to this type of motion is not an event of default under Fed.R.Civ.P. 55(a), and a default must be entered under that rule before a default judgment can be awarded. Because that has not happened here, the motion for default judgment will be denied.

## III. Order and Recommendation

For the foregoing reasons, the Motion for Leave to Supplement(Doc. 21) is granted. The Motion for Preliminary Pretrial Scheduling Order (Doc. 19), Motion to Correct the Records (Doc. 23) and Motion for Release of Radiology Reports (Doc. 28) are denied. Further, it is recommended that the Motion for Summary Judgment (Doc. 24) and Motion for Default Judgment (Doc. 30) be denied.

## IV. MOTION FOR RECONSIDERATION OF ORDER

As to the order on Docs. 19, 21, 23, and 28, any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the

basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

## V. PROCEDURE ON OBJECTIONS TO REPORT AND RECOMMENDATION

As to the recommendation as to Docs. 24 and 30, if party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge