IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JERRY E. LOGAN,

    Plaintiff,

    v.

HANY A. EMAM, *et al.*,

    Defendants.

Case No. 2:16-cv-35
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## ORDER and REPORT AND RECOMMENDATION

This is a prisoner civil rights case involving a claim for Eighth Amendment violations. This matter is before the Court for consideration of Plaintiff's Motion for Copy of Radiology Report (ECF No. 38) and Defendants' Motion for Summary Judgment (ECF No. 34). For the reasons that follow, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment be **GRANTED**. In addition, Plaintiff's Motion for Copy of Radiology Report is **DENIED**.

**I.**

The events giving rise to this action occurred while Plaintiff was incarcerated at Chillicothe Correctional Institute ("CCI"). On June 30, 2015, Plaintiff underwent oral surgery at The Ohio State University ("OSU") Wexner Medical Center in order to remove four impacted wisdom teeth. Prior to the surgery, Defendant Claire Towning, DDS, who at the time of the operation was a licensed dentist and a third-year resident in the OSU College of Dentistry, and Dr. Hany A. Emam, BDS, MS, an Assistant professor in the Division of Oral Maxillofacial Surgery and Dental Anesthesiology, met with Plaintiff and reviewed the potential risks and benefits of surgery. (Towning Aff. ¶¶ 1, 3; Enam Aff ¶¶ 1-2, 7-8, ECF No. 34.) Plaintiff orally

consented to the surgery and signed several written consent documents, including for anesthesia, surgery, and Dr. Towning's participation in the procedure. (Towning Aff. ¶ 1, 3 (citing PAGEID ## 154-157); Enam Aff. ¶¶ 7-12.) Dr. Emam performed the surgery, and Dr. Towning assisted him. (Towning Aff. ¶¶ 6, 9; Enam Aff. ¶ 14.) Plaintiff's impacted wisdom teeth were extracted without complications, and no follow up was scheduled. (Towning Aff. at ¶ 10 (citing PAGEID ## 150-53); Enam Aff. ¶ 16.)

After awaking from anesthesia, Plaintiff complained of eye pain. An Ophthalmologist examined Plaintiff and concluded that he had a corneal abrasion that was most likely attributable to rubbing his eyes after surgery. Plaintiff was prescribed eye drops. (Towning Aff. ¶ 11 (citing PAGEID ## 161-64); Enam Aff. ¶ 17.)

On January 26, 2016, Plaintiff filed this action and filed an Amended Complaint (ECF No. 5) on February 2, 2016. Plaintiff names Drs. Emam and Towning as Defendants. According to Plaintiff's Amended Complaint (ECF No. 5), several days after the surgery, he reported to the CCI nurse that he could not taste his food, could not smell, that his cheeks were numb, and that he could not eat solid food. Plaintiff further alleges that he continues experience side effects from the June 30, 2015 surgery, including numbness, weight gain, and inability to chew solid foods. He maintains that Defendants failed to adequately advise him of the risks of surgery, that the surgery should not have been performed by Dr. Towning because she is not qualified, and that Dr. Towning damaged his olfactory nerve.

On April 25, 2017, Defendants filed the subject Motion for Summary Judgment (ECF No. 34). Defendants assert that they are entitled to summary judgment on Plaintiff's Eighth Amendment medical indifference claim because they were not deliberately indifferent to Plaintiff's serious medical needs. Defendants represent that they were not informed that Plaintiff

2

suffered post-operative complications until they were first served with Plaintiff's complaint. (Towning Aff. ¶ 12; Enam Aff. ¶ 19.) Defendants further submit that they are entitled to judgment on Plaintiff's state-law malpractice claims because they are immune from liability pursuant to Ohio Revised Code § 9.86 and also because Plaintiff failed to include an affidavit of merit as required under Ohio R. Civ. P. 10(D)(2).

In his Memorandum in Opposition, Plaintiff does not counter Defendants' arguments or challenge any of the evidence upon which they rely. Instead, Plaintiff asks the Court to deny Defendants' Motion for Summary Judgment because "Defendants withheld evidence that should have been submitted with the discovery, once it was sent." (Pl.'s Mem. in Opp. 1, ECF No. 39.) Plaintiff also appears to argue that documents he attaches to his Memorandum in Opposition show that Defendants failed to complete the June 30, 2015 surgery. As best as the undersigned can discern, Plaintiff premises this argument on his opinion that Defendants should have taken x-rays after the surgery. The records Plaintiff attaches to his Memorandum in Opposition reflect that he underwent a dental examination on February 2, 2017, where it was determined that he required additional oral surgery to extract three root tips and also that he has refused to proceed with this surgery. (ECF No. 39 at PAGEID ## 178-79.)

**II.**

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.*

Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion"). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255 (citation omitted). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

## III.

The undersigned concludes that Defendants are entitled to summary judgment with respect to Plaintiff's Eighth Amendment medical indifference claims.

It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations omitted). A claim for deliberate indifference "has both objective and

4

subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The subjective component regards prison officials' state of mind. *Id*. Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011); *see also Jones*, 625 F.3d at 941 ("[T]he prison official must have acted with a state of mind similar to recklessness. Thus, to prove the required level of culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." (citations omitted)).

The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> "[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id*. However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id*.

*Alspaugh*, 643 F.3d at 169. *See also Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) ("If the plaintiff's claim, however, is based on the prison's failure to treat a condition adequately . . . the plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." (internal quotation marks and citation omitted)). Moreover, "when a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a

5

degree of incompetence which does not rise to the level of a constitutional violation." *Id*. at 591 (quotation marks and citation omitted).

Applied here, Plaintiff has failed to adduce any facts upon which the Court could rely to conclude that a genuine issue of facts exits with respect to the subjective prong of the deliberate indifference test. Rather, the unrefuted evidence reflects that Defendants, both of whom were licensed dentists, became involved in Plaintiff's care in June 2015 in connection with the surgery they performed and that they: reviewed Plaintiff's x-rays, test results, and prior examination notes; that they met with Plaintiff and discussed the risks of the surgery; that they obtained verbal and written consent for the surgery; and that they removed four wisdom teeth and a tissue sample for pathological evaluation without incident. Defendant Emam represents that all procedures "were carried out in accordance with the standard of care" for oral surgery. (Emam Aff ¶ 15.) Moreover, Defendants did not learn of the post-operative complications until *after* Plaintiff filed this action. (Towning Aff. ¶ 12; Enam Aff. ¶ 19.)

Plaintiff's contention that Defendants should have taken post-operative x-rays does not alter the Court's conclusion. At most, it reflects Plaintiff's disagreement with Dr. Emam's representation that the procedures were carried out in accordance with the standard of care, which is insufficient to establish an Eighth Amendment violation. *See, e.g.*, *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003) ("A patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim."); *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002) ("[A] difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim."). Plaintiff's

6

contention that Defendants' Motion for Summary Judgment should be denied because they withheld evidence is equally unavailing. Plaintiff fails to identify which documents he maintains were improperly held or how these documents would impact the resolution of Defendants' Motion.

Plaintiff's assertion that he was under duress when he signed the consent forms and that he was not informed of the risks likewise fails to save his Eighth Amendment medical indifference claim. Despite the unauthenticated evidence Plaintiff attaches to his Memorandum in Opposition that purports to show that he originally did not consent to the oral surgery at issue on June 15, 2015 (*See* ECF No. 39 at PAGEID #180), Defendants' unrefuted affidavit testimony and the authenticated exhibits attached thereto shows that Plaintiff subsequently consented to surgery both orally and in writing on June 30, 2015. (Towning Aff. ¶ 1, 3 (citing PAGEID ## 154-157); Enam Aff. ¶¶ 7-12.)

In summary, with respect to Plaintiff's Eighth Amendment medical indifference claim, the undersigned concludes that Defendants have satisfied their burden to show that no genuine issue of material fact exists precluding entry of summary judgment. It is therefore **RECOMMENDED** that the Court **GRANT** Defendants' Motion for Summary Judgment with respect to Plaintiff's Eighth Amendment medical indifference claim.

Plaintiff's Motion for Copy of Radiology Report, seeking a Court order compelling production of a radiology report relating to x-rays taken in January 2017 is **DENIED**. (ECF No. 38.) "[T]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Guinn v. Mount Carmel Health Systems*, No. 2:09-cv-226, 2010 WL 2927254, at *5 (S.D. Ohio July 23, 2010) (Kemp, J.) (quoting *Clumm v. Manes*, No. 2:08–cv–567 (S.D. Ohio May 27, 2010) (King, J.)). The Court is unable to discern how x-rays

from January 2017 are relevant to Plaintiff's assertion that Defendants' actions during the June 30, 2015 surgery violated the Eighth Amendment.

Finally, it is unclear from either Plaintiff's Complaint or his Amended Complaint whether he intended to bring a state-law medical malpractice claim. To the extent he intended to assert a state-law medical malpractice claim, it is further **RECOMMENDED** that the Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over any such state-law claim and that the Court **DISMISS** any such claim without prejudice to Plaintiff asserting such a claim in state court. *See Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("If the federal claims are dismissed before trial, the state claims generally should be dismissed as well." (internal quotations marks and citation omitted)).

**IV.**

For the reasons set forth above, it is **RECOMMENDED** that the Court **GRANT** Defendants' Motion for Summary Judgment with respect to Plaintiff's Eighth Amendment medical indifference claim. (ECF No. 34.) In addition, to the extent Plaintiff intended to assert a state-law medical malpractice claim, it is further **RECOMMENDED** that the Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over any such state-law claim and that the Court **DISMISS** any such claim without prejudice to Plaintiff asserting such a claim in state court.

Finally, Plaintiff's Motion for Copy of Radiology Report is **DENIED**. (ECF No. 38.)

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE